The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| FLORENCE R. FRIAS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ASSET FORECLOSURE SERVICES, INC.; LSI TITLE AGENCY, INC.; U.S. BANK, N.A.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>　　　　　　　　Defendants. | Case No. 13-CV-00760_MJP<br><br>PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT<br><br>NOTE ON MOTION CALENDAR:<br>**June 28, 2013** |

## I. INTRODUCTION

Plaintiff Ruth Frias hereby moves the Court to certify the below questions to the Washington Supreme Court regarding whether a plaintiff alleging abuses of the home mortgage foreclosure process may state a claim for damages under Washington law in the absence of a trustee's sale. The issue of whether a sale is needed is currently pending before the Court in the Motion to Dismiss filed by Defendant LSI Title Agency, Inc. ("LSI") (Dkt. No. 10) and joined by Defendants Asset Foreclosure Services, Inc. ("AFSI"), U.S. Bank, N.A., and Mortgage Electronic Registration Systems, Inc. ("MERS"). Because this complex state law issue has only been analyzed in one unpublished Washington Court of Appeals case and in opinions of federal

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT    - 1

judges in this District, Plaintiff respectfully asks the Court to seek a definitive answer to this recurring question from the Washington Supreme Court.

## II. ARGUMENT

Washington's Federal Court Local Law Certificate Procedure Act provides:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev. Code § 2.60.020. The Washington Supreme Court's implementing rule provides that certified questions may be considered where the state law issue "has not been clearly determined and does not involve a question determined by reference to the United States Constitution." Wash. R. App. P. 16.16. Federal authority recognizes the advantages to the federal bench of certifying novel or unsettled questions of state law to the state's highest court. *See Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741 (U.S. 1974) (certifying questions saves "time, energy, and resources and helps build a cooperative judicial federalism"); *Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) (certification procedure is "a means to obtain authoritative answers to unclear questions of state law") (quoting *Toner v. Lederle Labs.*, 779 F.2d 1429, 1432 (9th Cir. 1986)).

This case presents the issue whether Washington law permits a plaintiff to state a claim for damages based upon abuses of the home foreclosure process in the absence of a trustee's sale. Defendant LSI's Motion to Dismiss (Dkt. 10, 8-9); Defendant LSI's Reply (Dkt. 19, 2-3). The same issue has arisen in numerous other recent cases in this District, and will likely continue to resurface. Certifying the below questions on this state law matter affecting many parties' legal rights would promote comity and correct interpretation and application of state

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT   - 2

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

law, and would make proceedings more efficient and predictable in this District and the state courts alike, serving the interests of both plaintiffs and defendants.

### A. Aside from Certain Federal Opinions, Relevant Precedents Suggest a Trustee's Sale is Not a Prerequisite to a Damages Claim in Washington.

Although a number of Federal court opinions in this District have found a trustee's sale must take place before a plaintiff may state a damages claim for abuses of the foreclosure process, no published Washington authority supports the same conclusion. Only one known Washington court has analyzed the issue of whether a trustee's sale is required for a damages claim, in the unpublished opinion of *Krienke v. Chase Home Fin., LLC*, 140 Wash.App. 1032, 2007 WL 2713737 (Wash. Ct. App. 2007). *Krienke* considered a claim for "wrongful foreclosure" under the Deed of Trust Act ("DTA"), Chapter 61.24 Wash. Rev. Code, and concluded that "there is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale." 2007 WL 2713737, *5. It is unsurprising that *Krienke* has never been cited or discussed in subsequent published Washington cases, because as an unpublished Court of Appeals opinion, it is devoid of precedential weight in the state courts and therefore may not be cited. Wash. Rev. Code § 2.06.040 ("Decisions determined not to have precedential value shall not be published."); *see also* GR 14.1 (unpublished Court of Appeals opinions may not be cited in Washington).

Several opinions in this District have relied on *Krienke* in reasoning that a homeowner facing foreclosure cannot state a claim for damages in the absence of a trustee's sale. The most influential opinion citing *Krienke* for this proposition is *Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115 (W.D. Wash. 2010), which has itself been cited on this

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT    - 3

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

point in other cases in the District.[1] *Vawter* relied on *Krienke* to conclude that no damages claim exists in the absence of a foreclosure sale because, *inter alia*, 1) the Deed of Trust Act does not in terms authorize such a cause of action for damages; 2) the DTA is "a comprehensive scheme for the nonjudicial foreclosure process," and 3) a cause of action for damages would undermine the goal that nonjudicial foreclosure be efficient and inexpensive. *Id.* at 1122-24.

Although *Krienke* has lacked precedential significance as a matter of state law since it was decided, and its reasoning has since been undermined by Washington precedent,[2] *Krienke*'s reasoning has been repeatedly cited through reliance on *Vawter*. Yet recent rulings by federal and Washington courts, and recent legislative changes, contradict *Vawter* and *Krienke*'s absolute bar against damages actions in the absence of a trustee's sale.

Federal judges themselves are split as to whether Washington law permits a plaintiff to sue for damages in the absence of a trustee's sale. *Vawter* and its related cases may be contrasted with a number of recent analyses from this District. *See Barrus v. ReconTrust Co.*, No. 11-01578-KAO, Dkt. No. 114, *11-21 (Bkrtcy. W.D. Wash., May 6, 2013) (Order on

---

[1] *See, e.g.*, *Thein v. Recontrust Co., N.A.*, 2012 WL 527530, *2 (W.D. Wash., February 16, 2012) ("In Washington …. [a]bsent a trustee's sale of property, a claim for wrongful foreclosure must be dismissed as a matter of law.") (internal citations omitted); *Spenser v. Deutsche Bank*, 2011 WL 6816343, *2 (W.D. Wash., December 28, 2011) (holding that "there is no cause of action for 'wrongful foreclosure' when no foreclosure has in fact occurred"); *Rozone v. Aurora Loan Services, LLC*, 2011 WL 4074715, *3 (W.D. Wash., Sept. 13, 2011) ("In Washington, there is no cause of action for 'wrongful foreclosure' when no foreclosure has in fact occurred."); and *Mikhay v. Bank of America, N.A.*, 2011 WL 167064, *2 (W.D. Wash., Jan. 12, 2011) ("Plaintiffs have not cited any authority supporting their ability to raise … a claim where no trustee's sale has occurred and a number of courts have recently found that such a cause of action does not exist.").

[2] *Compare Krienke*, 2007 WL 2713737, *5 (holding damages claim contrary to DTA where Act's purpose is to promote stable land titles and "courts promote the [DTA's] objectives [by] declining to invalidate completed sales even where trustees have not complied with the statute's technical requirements") *with Albice v. Premier Mortg. Services of Washington, Inc.*, 174 Wash.2d 560, 575, 276 P.3d 1277 (Wash. 2012) (voiding completed foreclosure sale because the trustee did not have the requisite authority under the DTA to conduct the sale and quieting title in the homeowner).

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT     - 4

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

Cross Motions for Summary Judgment) (denying defendant motion for summary judgment on CPA claim where no trustee's sale of property had occurred); *Beaton v. JPMorgan Chase Bank N.A.*, 2013 WL 1282225, *5 (W.D. Wash. 2013) (concluding that plaintiff's DTA cause of action survived a motion to dismiss since if the foreclosing entity "did not have authority to *initiate foreclosure proceedings* without knowledge of the beneficiary as required by RCW 61.24.030(7)[, t]his would result in a material violation of the DTA") (emphasis added), *accord Mickelson v. Chase Home Finance, LLC*, 2012 WL 3240241, *3-5 (W.D. Wash. 2012) (also sustaining claim for violation of DTA duty of good faith for "*bringing* non judicial foreclosures without being the proper trustee") (emphasis added); *McDonald v. OneWest Bank*, 2013 WL 858178, *15 n.11 (W.D. Wash. 2013) (in the absence of a trustee's sale, "[d]amages may … be available under … the Washington Consumer Protection Act or fraud") (citing *Bain*, 175 Wash.2d at 115-20; *Myers v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 678148, *2 n.3 (W.D. Wash. 2012)); *Jared v. Keahey* (*In re Keahey*), 414 Fed.Appx. 919 (9th Cir. 2011) (upholding bankruptcy court's award of damages for intentional infliction of emotional distress where trustee wrongfully sought to foreclose but no foreclosure sale was ever completed); *Reinke v. Nw. Trustee Svcs., Inc.* (*In re Reinke*), 2011 WL 5079561, *14-16 (Bkrtcy. W.D. Wash. 2011) (analyzing elements of foreclosure-related CPA claim where no trustee's sale occurred).

Furthermore, Washington has recently recognized claims for damages without acknowledging any need that a trustee's sale occur in the foreclosure related cases *Bain v. Metropolitan Mortg. Group, Inc.*, 175 Wash.2d 83, 285 P.3d 34 (Wash. 2012), and *Klem v. Washington Mut. Bank*, 176 Wash.2d 771, 295 P.3d 1179 (Wash. 2013). *Bain* held that Defendant MERS's failure to comply with the DTA by seeking to foreclose without being a

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT   - 5

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

holder of the applicable note was actionable in a claim for damages under the CPA. 175 Wash.2d at 115-20. *Klem* similarly held that a trustee's failure to act impartially between noteholders and mortgagors, in violation of the DTA, could support a claim for damages under the CPA—without referencing any requirement that a trustee's sale actually occur. 176 Wash.2d at 1192 ("[T]he failure to enjoin a sale does not operate to waive claims based on the foreclosure process where it would be inequitable to do so. Where applicable, waiver only applies to actions to vacate the sale and *not to damages actions*.") (emphasis added). Earlier this year, in *Schroeder v. Excelsior Management Group, LLC*, 297 P.3d 677, 683 (Wash. 2013), the Court emphasized that the Deed of Trust Act "is not a rights-or-privileges-creating statute" but rather presents non-waiveable requirements for foreclosing entities, and reiterated that "strict compliance [with the DTA] is required" *Id.* (citing *Albice v. Premier Mortg. Servs. of Wash, Inc.*, 174 Wash.2d 560, 568, 276 P.3d 1277 (2012)).

**B. Legislative Amendments Suggest that Washington Recognizes a Cause of Action for Damages in the Absence of a Trustee's Sale.**

Recent statutory amendments also suggest that Washington recognizes a claim for damages in the absence of a trustee's sale. In particular, Washington Revised Code section 61.24.127, adopted after *Krienke*, provides that "[t]he failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter *may not be deemed a waiver of a claim for damages*" for specific claims. Wash. Rev. Code § 61.24.127(1) (emphasis added). That statutory language would make little sense if plaintiffs *lacked* claims for damages before, or in the absence of, efforts to enjoin a trustee's sale. If such claims did not exist in the first place, why would the legislature specify circumstances in which they were not waived?

The current DTA further specifies that, even where the borrower does not seek an

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT    - 6

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

injunction to restrain the trustee's sale, he or she may bring a claim for damages for violations of Title 19 of the Revised Code of Washington, which contains the Consumer Protection Act. Wash. Rev. Code § 61.24.127(1)(b). Elsewhere, the DTA specifies that it is an unlawful or deceptive act or practice under the CPA for the trustee to fail to either mediate in good faith, remit payments for the foreclosure fairness account at the time a notice of trustee's sale is issued, or follow statutory requirements in initiating the notice of default and subsequent contacts. Wash. Rev. Code § 61.24.135(2). Thus, the DTA directly contemplates that plaintiffs may state a claim for damages related to a foreclosing entity's conduct violating the DTA, even where a foreclosure sale has yet to—or never does—occur.

Additionally, the same section provides that damages actions must be brought "within two years from the date of the foreclosure sale or within the applicable statute of limitations for such claim, whichever expires earlier." Wash. Rev. Code § 61.24.127(2)(a). Nowhere does that section require that a trustee's sale occur in order for a plaintiff to bring a claim for damages related to abuses of the foreclosure process. Rather, the statute contemplates that the statute of limitations may run—and a cause of action may accrue—earlier than the date of, or in the absence of, a trustee's sale.

**C. The Equities Weigh in Favor of Washington Answering the Certified Questions.**

As an equitable matter, it is unlikely that Washington would read into its statutes the requirement that a trustee's sale take place before a plaintiff can bring a claim for damages related to the foreclosure of his or her property. Both the DTA and the CPA are protective statutes construed in favor of vulnerable consumers. *See Klem*, 176 Wash.2d at 789 (the DTA "must be construed in favor of borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT    - 7

foreclosure sales") (citing *Udall v. T.D. Escrow Servs., Inc.*, 159 Wash.2d 903, 915-16, 154 P.3d 882 (Wash. 2007)); *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27, 40-41, 204 P.3d 885 (Wash. 2009) (declining to "narrowly construe the [CPA] by importing a requirement that the plaintiff be a consumer or be in a consensual business relationship"); Wash. Rev. Code § 19.86.920 (calling for liberal construction of CPA). Requiring as *Krienke* does that a trustee's sale take place before a plaintiff may bring a damages claim contradicts the logic of more recent cases like *Klem* and *Panag*, both of which call for liberal construction of plaintiffs' remedies, not additional hurdles absent from Washington's statutes or case law.

The certified questions here are especially suited to state review since the Washington Supreme Court has recently expressed concern about the dearth of clear legal standards guiding application of state law in the home foreclosure context. *See Vinluan v. Fidelity Nat'l Title & Escrow Co.*, No. 85637-1, at *4 (Wash. Apr. 25, 2011) (ruling denying review) (noting with reference to Defendant MERS's status as a DTA beneficiary that "there is considerable ongoing foreclosure litigation … in both state and federal courts, with no authority from this court [or] the Court of Appeals to guide those decisions"). Like the conflict recognized in *Vinluan*, the present conflict between recent state and federal court opinions and state legislation on the one hand, and *Krienke* and *Vawter* on the other, presents an important matter of state law appropriate to certify to the Washington Supreme Court.[3]

//

//

---

[3] The need for a definitive ruling from the Washington Supreme Court is particularly great because *Vawter* has recently been cited as authority for the claim that Washington does not recognize a cause of action in the absence of a trustee's sale in the unpublished Court of Appeals case *Grant v. First Horizon Home Loans*, 2012 WL 1920931, *5-6 (Wash. Ct. App. 2012). Although *Grant* declined to rest its holding on the non-precedential *Krienke*, it viewed *Vawter* as independent support for the analysis in *Krienke*.

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT   - 8

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

### III. PROPOSED CERTIFIED QUESTIONS

Plaintiff proposes that the Washington Supreme Court be offered the chance to resolve the following questions:

1. Under Washington law, may a plaintiff state a claim for damages relating to a breach of duties under the Deed of Trust Act and/or a failure to adhere to the statutory requirements of the Deed of Trust Act in the absence of a completed trustee's sale of real property?

2. If a plaintiff may state a claim for damages prior to a trustee's sale, what principles govern his or her claim under the Consumer Protection Act and the Deed of Trust Act?

3. What claims might a plaintiff have if the nonjudicial foreclosure sale is found to be invalid or void?

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court certify the given questions to the Washington Supreme Court.

Dated June 13, 2013.

> LAW OFFICES OF MELISSA A. HUELSMAN, P.S.
>
> *Melissa A. Huelsman /s/*
> Melissa A. Huelsman, WSBA 30935
> Attorney for Plaintiffs
> 705 Second Avenue, Suite 601
> Seattle, WA 98104
> Telephone: (206) 447-0103

PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT  - 9

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Katrina Eve Glogowski <Katrina@glogowskilawfirm.com>;

Kimberly Hood <Kimberly@GlogowskiLawFirm.com>;

Brian L Lewis <brian.lewis@klgates.com>;

Lauren E Sancken <lauren.sancken@klgates.com>;

David John Lenci <david.lenci@klgates.com>;

Andrew H Salter <ahs@lybeckmurphy.com>.

Dated this __13th__ day of ____June____, 2013, at Seattle, Washington.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

*Walter Smith /s/* _____
Walter Smith, Paralegal
705 Second Avenue, Suite 601
Seattle, WA 98104
Telephone: (206) 447-0103