UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FLORENCE R FRIAS, <br><br> Plaintiff, <br><br> v. <br><br> ASSET FORECLOSURES SERVICES, INC., et al., <br><br> Defendants. | CASE NO. C13-760 MJP <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Plaintiff Florence Frias's Motion for Reconsideration. (Dkt. No. 36.) Having reviewed Plaintiff's motion, Defendants LSI Title Agency, Inc. and Asset Foreclosures Services, Inc.'s response briefs, (Dkt. Nos. 54, 55), and the related record, the Court GRANTS in part and DENIES in part Plaintiff's motion.

**Background**

Plaintiff's complaint was removed from Snohomish County Superior Court on April 30, 2013. (Dkt. No. 1.) On May 9, 2013, Defendant LSI Title Agency, Inc. ("LSI") filed a motion to dismiss all of Plaintiff's claims against it. (Dkt. No. 10.) Defendant Asset Foreclosures

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR
RECONSIDERATION- 1

1  Services, Inc. ("Asset Foreclosures") joined in the motion as to all of Plaintiff's claims against it.
2  (Dkt. No. 11.) Defendants U.S. Bank, N.A. ("U.S. Bank") and Mortgage Electronic Registration
3  Systems, Inc. ("MERS") joined in the motion only with respect to Plaintiff's first cause of action,
4  a request for preliminary injunction. (Dkt. No. 12.)

5        On July 26, 2013, the Court entered an Order dismissing Plaintiff's first cause of action
6  as to all Defendants. (Dkt. No. 34 at 1.) The Court also dismissed Plaintiff's Deed of Trust Act
7  ("DTA"), Consumer Protection Act ("CPA"), intentional misrepresentation, and negligent
8  misrepresentation claims against LSI and Asset Foreclosures. (Id.) The Court dismissed
9  Plaintiff's DTA claim on the grounds that a plaintiff cannot recover damages under the DTA
10 absent a completed foreclosure. (Id. at 10–11.) The Court dismissed Plaintiff's CPA claim
11 because Plaintiff's property was not sold and she did not pay foreclosure fees; therefore, she
12 failed to allege injury to her business or property as is required under the CPA. (Id. at 9–10.)

13       On August 9, 2013, Plaintiff filed a motion for reconsideration, citing a then recently-
14 published opinion from the Washington Court of Appeals, Walker v. Quality Loan Serv. Corp.,
15 176 Wn. App. 294, 313 (2013), in which the court held that "a borrower has an actionable claim
16 against a trustee who, by acting without lawful authority or in material violation of the DTA,
17 injures the borrower, even if no foreclosure sale occurred." (Dkt. No. 36 at 7.) By her motion,
18 Plaintiff asked the Court to amend its Order dismissing her DTA and CPA claims against LSI
19 and Asset Foreclosures in light of Walker. (Id. at 12.)

20       Because Walker departed from precedent, this Court certified the following questions to
21 the Washington Supreme Court:

22       1.    Under Washington law, may a plaintiff state a claim for damages relating
       to a breach of duties under the Deed of Trust Act and/or failure to adhere to the
23     statutory requirements of the Deed of Trust Act in the absence of a completed
       trustee's sale of real property?
24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR
RECONSIDERATION- 2

    2.     If a plaintiff may state a claim for damages prior to a trustee sale of real property, what principles govern his or her claim under the Consumer Protection Act and the Deed of Trust Act?

(Dkt. No. 48 at 3.) The Court stayed this matter and abstained from ruling on Plaintiff's motion for reconsideration until the Washington Supreme Court answered these questions. (Id. at 1–2.)

As to the first question, the Washington Supreme Court answered "there is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale." (Dkt. No. 52-1 at 18–19.) As to the second question, the Washington Supreme Court answered "under the appropriate factual circumstances, DTA violations may be actionable under the CPA, even where no foreclosure sale has been completed" and that "the same principles that govern CPA claims generally apply to CPA claims based on alleged DTA violations." (Id. at 3.) The Washington Supreme Court further noted that Plaintiff "did allege some injuries that may be compensable under the CPA." (Id. at 20.)

Plaintiff argues the Court should allow her CPA and misrepresentation claims against LSI and Asset Foreclosures to proceed in light of the Washington Supreme Court's Certified Opinion ("Certified Opinion"). (Dkt. No. 57.) LSI and Asset Foreclosures argue the Court should not modify its Order as to any of Plaintiff's claims. (Dkt. Nos. 54, 55.)

### Discussion

#### I.     Legal Standard

"Motions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009).

1      **II.**    **Plaintiff's Motion for Reconsideration**

2          **A.**    **DTA Claim**

3          Initially, Plaintiff asked the Court to modify its Order dismissing her DTA claim against

4  LSI and Asset Foreclosures in light of Walker.  (Dkt. No. 36 at 12.)  Because the Certified

5  Opinion confirms the DTA does not create an independent cause of action for monetary damages

6  in the absence of a completed trustee's sale of real property, the Court DENIES Plaintiff's

7  motion for reconsideration as to her DTA claim. (See Dkt. No. 52-1 at 18–19.)

8          **B.**    **CPA Claim**

9          Plaintiff argues the Court should modify its Order dismissing her CPA claim against LSI

10  and Asset Foreclosures in light of the Certified Opinion. (Dkt. No. 57 at 2–5.)  The Court agrees

11  with Plaintiff.

12          Compensable injuries under the CPA are limited to "injury to [the] plaintiff in his or her

13  business or property."  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105

14  Wn.2d 778, 785 (1986).  The Court dismissed Plaintiff's CPA claim because her property was

15  not actually sold and because she did not pay any foreclosure fees. (Dkt. No. 34 at 9.)  The

16  Washington Supreme Court, it its Certified Opinion, held that while these injuries are sufficient

17  to state a CPA claim, they are not the only injuries compensable under the CPA.  (Dkt. No. 52-1

18  at 20.)  It noted that the "business and property injuries under the CPA are relatively expansive"

19  and that Plaintiff had alleged "some injuries that may be compensable under the CPA."  (Id.)

20  For example, with respect to Plaintiff's allegations that LSI and Asset Foreclosures added illegal

21  fees to her debt, the Washington Supreme Court concluded that "even though she has not paid

22  those fees, expenses incurred in investigating their legality may be compensable, and she may be

23  entitled to equitable relief in the form of those fees being stricken. . . ." (Id. at 21–22.)

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR
RECONSIDERATION- 4

The Court finds narrow grounds on which to grant reconsideration.  Although Plaintiff has not pleaded a specific injury associated with the alleged illegal fees added to her debt, the Court finds this failure is not dispositive of Plaintiff's CPA claim against LSI and Asset Foreclosures.  In light of the Certified Opinion, the Court finds it erred by dismissing Plaintiff's CPA claim with prejudice.  Accordingly, the Court GRANTS Plaintiff's motion for reconsideration as to her CPA claim against LSI and Asset Foreclosures and GRANTS Plaintiff leave to file an amended complaint within ten (10) days of the date of entry of this Order, amending only the allegations supporting her CPA claim against LSI and Asset Foreclosures to plead injuries, if any, associated with the addition of the alleged illegal fees to her debt.

### C. Misrepresentation Claims

The Court dismissed Plaintiff's misrepresentation claims because Plaintiff failed to plead with sufficient specificity both reliance and injury. (Dkt. No. 34 at 12–13.)  In her reply brief, Plaintiff asks the Court to modify its Order dismissing her misrepresentation claims, arguing the Certified Opinion "espouses an expanded view of the injuries and damages that accrue to a Plaintiff in a wrongfully instituted foreclosure" and because she contends she sufficiently alleged reliance on LSI and Asset Foreclosures's misrepresentations. (Dkt. No. 57 at 5–7.)

But Plaintiff did not ask the Court to modify its ruling as to her misrepresentation claims in her motion for reconsideration. (See Dkt. No. 36 at 12.)  On that basis alone, the Court can deny Plaintiff's motion for reconsideration as to these claims.

Further, the Washington Supreme Court's analysis in the Certified Opinion is confined to the types of injuries compensable under the CPA. (Dkt. No. 52-1 at 20.)  The Certified Opinion does not address misrepresentation claims and therefore does not provide a proper basis for modifying the Court's ruling as to Plaintiff's misrepresentation claims. (Id.)

Finally, Plaintiff does not show the Court committed manifest error by dismissing her misrepresentation claims. In her reply brief, Plaintiff simply restates the same arguments that the Court already considered when ruling on Defendants' motion to dismiss. (See Dkt. No. 57 at 5–7.) While Plaintiff may disagree with the Court's analysis, Plaintiff fails to show there are grounds for reconsideration.

The Court DENIES Plaintiff's motion for reconsideration as to her misrepresentation claims.

**Conclusion**

The Court GRANTS in part and DENIES in part Plaintiff's motion for reconsideration. The Court GRANTS Plaintiff leave to file an amended complaint within ten (10) days of the date of entry of this Order, amending only the allegations supporting her CPA claim against LSI and Asset Foreclosures to plead injuries, if any, associated with the addition of the alleged illegal fees to her debt.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of April, 2015.

Marsha J. Pechman
United States District Judge